UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY S. LANCASTER,

    Petitioner,

v.                                                 CASE NO:  8:05-CV-520-T-30TBM

STATE OF FLORIDA;
ATTORNEY GENERAL, STATE OF FLORIDA;
and SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondents.
_____/

## ORDER

    Petitioner, LARRY S. LANCASTER ("Lancaster" or "Petitioner"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #6).  The State of Florida has responded (Dkt. #28) and Petitioner has replied (Dkt. #37).  After a review of the pleadings and arguments, the Court determines that the Petition should be denied.

    Lancaster was convicted in the Sixth Judicial Circuit in and for Pinellas County, Florida of aggravated stalking.  He was represented by private counsel and tried by a jury for violating Florida Statute §784.048(4) which provides in pertinent part:

> Any person who, after an injunction for protection against . . . domestic violence . . . knowingly, willfully, maliciously, and repeatedly follows or

harasses another person commits the offense of aggravated stalking, a felony of the third degree . . .

Petitioner has timely filed this Petition raising one ground for relief:

**Ground One:**  No proof of prior violence to support granting of permanent injunction, and Petitioner was never legally served with such document, in violation of his due process rights provided in the United States Constitution.

In support of this ground, Petitioner contends that the permanent injunction should not have issued because there was insufficient proof of prior violent acts, he was never served with the permanent injunction by a law enforcement officer, and the signature that appears on the document is not his signature, but a forgery. He claims that the trial, therefore, violated his due process rights.

This argument fails because it is legally incorrect and procedurally barred. It is legally incorrect because, to convict someone under this statute, the State must prove a permanent injunction was entered and that the person had knowledge of the injunction, not that the person was served. See State v. Johnson, 676 So.2d 408 (Fla. 1996). Whether there was sufficient evidence to support the issuance of the injunction was a matter to be handled by direct appeal of the injunction order - not by habeas review of a separate offense. As to the issue of knowledge, the State did submit evidence that Lancaster knew of the injunction. In fact, the injunction itself states that Lancaster was present in Court at the time the permanent injunction issued and that a copy of the document was hand delivered to him. Additionally, Lancaster had previously pled no contest to a misdemeanor violation of an injunction for protection against domestic violence on September 16, 2003. This evidence adequately

supported the knowledge element of the charged offense and Lancaster's due process rights were not violated.

Second, this issue is procedurally barred because Petitioner did not raise it in his direct appeal in state court. To the extent it was mentioned in various state habeas proceedings, the habeas petitions were all dismissed as unauthorized under state law without any review on the merits. A habeas petitioner under §2254 is required to have thoroughly presented his claims in a procedurally appropriate manner in state court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). State courts are to be given the opportunity to address issues on their merits so that they may correct any asserted violations of a prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (If a habeas petitioner wishes to claim that an evidentiary ruling in a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.). Claims that should have been raised on direct appeal and were not are procedurally barred. Sullivan v. Wainwright, 695 F.2d 1306 (11th Cir.) (*cert. denied*, 464 U.S. 922) (1983). Claims that are procedurally barred are not reviewable by this Court unless a petitioner can demonstrate both (1) cause for the default, and (2) actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Petitioner has done neither.

For the foregoing reasons, the Petition must be denied.

It is therefore ORDERED AND ADJUDGED that:

1.  The petition for writ of habeas corpus is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate all pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2005\05-cv-520.2254 deny.wpd*