**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LARRY S. LANCASTER,

    Petitioner,

v.                                       CASE NO. 8:05-CV-520-T-30TBM

STATE OF FLORIDA, et al.,

    Respondents
_____/

**O R D E R**

This matter comes before the Court upon receipt of Petitioner's application for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 51), filed June 9, 2006, which the Court construes as a Notice of Appeal (Dkt. 52). Petitioner challenges the June 1, 2006 decision denying his petition for federal habeas relief, filed pursuant to 28 U.S.C. § 2254, as legally insufficient to support a request for relief under § 2254 and procedurally barred because Petitioner failed to

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . . (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

exhaust his state court remedies. Petitioner did not pay the appellate filing fee or request leave to proceed on appeal *in forma pauperis*.

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, a petitioner must, however, demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Having failed to demonstrate that the Court's assessment of his claims was debatable or wrong, Petitioner has failed to meet the two-prong *Slack* test. *See Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that Petitioner's application for issuance of a certificate of appealability (Dkt. 51) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 5, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh